UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| CURTIS OLSON, | Case No. 08-CV-0341 (PJS/RLE) |
| Plaintiff, | |
| v. | ORDER |
| MINUTEMAN INTERNATIONAL, INC. a foreign corporation, and BRIAN SLACK, | |
| Defendants. | |

Steve G. Heikens, HEIKENS LAW PRACTICE, for plaintiff.

David J. Duddleston and Katherine C. Bischoff, JACKSON LEWIS LLP, for defendants.

Plaintiff Curtis Olson brings three claims against his former employer, defendant Minuteman International, Inc. ("Minuteman"): (1) a claim of age discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 et seq.; (2) a claim of age discrimination under the Minnesota Human Rights Act ("MHRA"), Minn. Stat. §§ 363A.01 et seq.; and (3) a claim for breach of contract. Olson also brings a claim against his former supervisor, Brian Slack, for aiding and abetting age discrimination in violation of the MHRA.

This matter is before the Court on defendants' motion for summary judgment. For the reasons stated on the record and reflected in the transcript of the February 9, 2009 hearing, the motion is granted with respect to Olson's aiding-and-abetting claim against Slack and denied with respect to Olson's ADEA and MHRA claims against Minuteman.

With respect to Olson's breach-of-contract claim against Minuteman: Olson was a participant in the Minuteman International, Inc. Restricted Stock Plan ("the Plan"). Under the

-1-

Plan, Minuteman had the "sole discretion" to decide whether to make an award of restricted stock to plan participants. Olson Dep. Ex. 21 at 1. In exercising this discretion, Minuteman was to consider, among other things, "past and continued service with the Company, achievement of specific business objectives, superior work performance, and other measurements of individual or Company performance." *Id.* The Plan explicitly states, however, that Minuteman is not limited to those criteria. *Id.*

It is undisputed that Minuteman never awarded any stock to Olson under the Plan. It is also undisputed that the reason Minuteman did not award any stock to Olson is that Minuteman decided not to award stock to any managers at Olson's level. Olson argues that this was an impermissible basis for deciding not to award him stock. He points out that the written criteria for awarding stock are all performance-related and argues that, under the covenant of good faith and fair dealing, Minuteman should be limited to considering performance-based criteria in deciding whether to award stock.

Even assuming that the implied covenant of good faith and fair dealing was a part of the contract — a dubious proposition, as Minnesota courts have been clear that employment contracts do not include an implied covenant of good faith, *Hunt v. IBM Mid America Employers Federal Credit Union*, 384 N.W.2d 853, 858-59 (Minn. 1986) — the undisputed facts of this case show that there has been no breach of the covenant. As noted, Minuteman was *not* limited to performance-related criteria in determining whether to award stock. Consequently, the fact that Minuteman based its decision on a reason that was not related to performance cannot support a claim for breach of the implied covenant.

In addition, to prevail on a claim for breach of the implied covenant, a plaintiff must show more than that the defendant acted unreasonably; instead, the plaintiff must prove that the defendant acted dishonestly, maliciously, or otherwise in subjective bad faith. *BP Prods. N. Am., Inc. v. Twin Cities Stores, Inc.*, 534 F. Supp. 2d 959, 965-68 (D. Minn. 2007). In this case, there is no evidence that Minuteman acted dishonestly, maliciously, or in subjective bad faith in deciding not to award stock to Olson. Olson's claim for breach of the implied covenant of good faith is therefore dismissed.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED that:

1. Defendants' motion [Docket No. 20] is GRANTED IN PART and DENIED IN PART.

2. Defendants' motion is GRANTED with respect to Counts Three (Aiding and Abetting) and Four (Breach of Contract) of the Amended Complaint [Docket No. 13], and those claims are DISMISSED WITH PREJUDICE AND ON THE MERITS.

3. Defendants' motion is DENIED in all other respects.

Dated: February 9, 2009

s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge